UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,
      Plaintiff,

v.

PIONEER VALLEY PERFORMING ARTS
CHARTER SCHOOL,
      Defendant.

CASE NO. 3:22-CV-30120-MGM

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Pioneer Valley Performing Arts Charter Public School ("Defendant" or "PVPA"), hereby responds to Plaintiff's Complaint as follows:

### Parties

**1.     The Plaintiff, Jane Doe, is a citizen of the United States and a resident of the State of Maine.**

1.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**2.     The Defendant, PVPA, is a public charter school located at 15 Mulligan Drive, South Hadley, MA 01075.**

2.     Admitted.

### Jurisdiction

**3.     This action is brought pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the**

aforementioned statutory provisions.  The Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide Counts II through III arising under state law.

3.      The allegations of this paragraph call for a legal conclusion to which no response is required. Defendant denies the claims asserted by Plaintiff.

<u>**Facts Common to All Counts**</u>

**4.      The Plaintiff began attending PVPA as a 12-year-old seventh grader in September 2008.**

4.      Admitted.

**5.      At the time of the Plaintiff's enrollment at PVPA, Michael Micucci was employed by PVPA as an educator and coach.**

5.      Admitted.

**6.      From the very beginning of the Plaintiff's enrollment at PVPA, Micucci demonstrated a highly inappropriate interest in Plaintiff that should have been of concern to mindful school administrators.**

6.      Denied.

**7.      During the 2009-10 school year, Micucci began arranging to drive the Plaintiff alone from school to her home and to athletic games and tournaments.**

7.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**8.      With increasing frequency as the Plaintiff grew older, Micucci would take advantage of time alone with the Plaintiff to make inappropriate inquiries regarding her personal life, which spurred discussions about her family, relationships and emotions.**

8.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**9.      When the Plaintiff was in ninth grade during the 2010-11 school year, Micucci continued inappropriate contacts with Plaintiff, including encouraging and facilitating her break-up with an adolescent boyfriend.**

9.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**10.      Around this time, Micucci began disclosing to the Plaintiff inappropriate and intimate details regarding his own sexual relationships and personal life.**

10.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**11.      Micucci's inappropriate behavior became more blatant during the 2011-12 school year when the Plaintiff was fifteen years old and in tenth grade.**

11.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**12.      Micucci began to offer opinions as to whom the Plaintiff should date and he bought her gifts, including jewelry.**

12.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**13.      Micucci also expanded his efforts to secure time alone with the Plaintiff, arranging to meet with her at the athletic field alone before and after games and meeting her in his apartment, where he often hid her from his roommates.**

13.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**14.     On one occasion during the 2011-12 school year, Micucci slept in the same room as PVPA students at an "away" tournament, at which time he stroked the Plaintiff's hair until she fell asleep.**

14.     Defendant denies that the allegations of this paragraph occurred at or are related to a PVPA event or activity. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations of this paragraph.

**15.     Throughout the 2012-13 school year, when the Plaintiff was in eleventh grade, Micucci continued to discuss his sex life and relationship problems with the Plaintiff.**

15.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**16.     Micucci took the Plaintiff to a concert for Valentine's Day in 2013.**

16.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**17.     Micucci also encouraged the Plaintiff to engage in "secret letter writing" in which his correspondence included comments such as "I love you", "You're special to me" and "These feelings won't go away."**

17.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**18.     During the 2012-2013 school year, Micucci obtained an office at the school, and encouraged the Plaintiff to spend time alone with him there.**

18.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**19.      On multiple occasions, Micucci invited the Plaintiff to accompany him on hikes in the woods near his home.**

19.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**20.      These hikes often ended with Micucci "cuddling" with the Plaintiff on the ground in the woods.**

20.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**21.      As a young and impressionable teenager who was not mindful of the ethical obligations of an adult teacher and coach, the Plaintiff accepted Micucci's attention, did not recognize it as highly inappropriate, and was not suspicious of his motivations.**

21.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**22.      Plaintiff also did not realize the negative impact Micucci's inappropriate conduct was having on her educational experience, peer relationships and emotional well-being.**

22.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**23.      Micucci's incessant interest in the Plaintiff did not escape notice from PVPA employees although no intervention ever occurred.**

23.      Denied.

**24.      Near the end of the 2012-13 school year, PVPA Principal Scott Goldman was aware of Micucci's inappropriate involvement with the Plaintiff.**

24.      Denied.

**25.      Around this time, Goldman arranged a meeting with the Plaintiff's parents in which he asked them to intercede to change Plaintiff's behavior with Micucci.**

25.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**26.      However, Goldman did not initiate any investigation into Micucci's actions, nor did he do anything to restrict Micucci's interactions with the Plaintiff.**

26.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**27.      Goldman's inaction served to allow Micucci's inappropriate interactions with the Plaintiff to continue and caused the Plaintiff to believe that Micucci's behavior was acceptable.**

27.      Denied.

**28.      Another PVPA school administrator, Laura Davis, serving in the position as Head of School, also "scolded" the Plaintiff about her public behavior with Micucci on more than one occasion, telling her to "watch your behavior around him," "make your hugs shorter" and "spend less time in his office."**

28.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**29.** Upon information and belief, similar concerns about Micucci's interactions with the Plaintiff were shared by multiple staff members, but not one initiated any action to either investigate Micucci's behavior or to restrict his access to the Plaintiff.

29.     Denied.

**30.** Micucci was aware of suspicions from school employees and administrators, and he encouraged the Plaintiff to be cautious so that he would not get in trouble.

30.     Defendant is otherwise without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**31.** By twelfth grade, during the 2013-14 school year, Micucci's interactions with the Plaintiff became bolder.

31.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**32.** Micucci took advantage of his position of influence – which was accomplished by years of grooming behavior – to cultivate a sexual relationship with the Plaintiff.

32.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**33.** Micucci arranged for the Plaintiff to spend more time in his apartment where they were frequently in the company of Micucci's roommate, who was also a teacher at PVPA.

33.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**34.     Micucci also enticed the Plaintiff to "cuddle" on his bed, and his references to sexual matters intensified.**

34.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**35.     At times, Micucci would lift the Plaintiff to sit on his washer/dryer unit so that her legs were straddling him in a sexually suggestive manner.**

35.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**36.     When the Plaintiff turned eighteen during April 2014, Micucci apparently believed that, because she was no longer a minor, he had free rein to lure the Plaintiff to engage in sexual relations, doing so the day after her eighteenth birthday while she remained a student at PVPA.**

36.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**37.     Micucci subsequently insisted that the Plaintiff end her relationship with her high school boyfriend, encouraged her to skip class or school functions to leave school with him to engage in sex, convinced her to leave her senior prom early to meet him for sex, and continued to impose upon her to engage in sexual relations.**

37.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**38.     On the night of the Plaintiff's graduation from PVPA, Micucci arranged to pick her up at a graduation party, took her to his home to engage in sex, and drove her**

**back to the party in the early morning hours, instructing her to tell people she had been sleeping in her car.**

38.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**39.     After the Plaintiff graduated from PVPA, Micucci took advantage of the influence that he had gained over the Plaintiff during her enrollment at PVPA to continue his contacts with her at college.**

39.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**40.     As a result of Micucci's pervasive and inappropriate sexualized conduct directed toward her throughout her adolescent years, the Plaintiff's high school educational opportunities were seriously compromised, her peer relations were negatively affected, and she suffered, and still suffers, significant emotional trauma arising from her years of victimization.**

40.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**41.     At present, Plaintiff continues to experience emotional distress, years after her graduation from PVPA, for which she continues to engage in therapy.**

41.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**42.     Throughout the time of Micucci's grooming and sexual harassment, the Plaintiff was unaware of PVPA's deliberate indifference to his inappropriate behaviors.**

42.      Defendant is without information or knowledge sufficient to admit or deny Plaintiff's beliefs or awareness. Defendant denies knowledge of Micucci's alleged behavior and denies that it was deliberately indifferent to his alleged behavior.

**43.      Moreover, because of the inexplicable failure to effectively intercede to address Micucci's behaviors by both Scott Goldman and Laura Davis, as well as other PVPA employees, the Plaintiff was unaware of PVPA's absolute obligation to protect her from Micucci's advances and sexualized grooming.**

43.      Defendant is without information or knowledge sufficient to admit or deny Plaintiff's beliefs or awareness. Defendant denies knowledge of Micucci's alleged behavior, a failure to intercede, and all other allegations of this paragraph.

**44.      Because PVPA school administrators clearly knew of Micucci's inappropriate behaviors and did nothing – other than to tell the Plaintiff to modify her own behavior – the Plaintiff believed that the school had no obligation to protect her from Micucci or that Micucci's behavior was unacceptable.**

44.      Defendant is without information or knowledge sufficient to admit or deny Plaintiff's beliefs. Defendant denies knowledge of Micucci's alleged behavior, a failure to intercede, and all other allegations of this paragraph.

**45.      The Plaintiff also believed that Micucci's attraction to young female students was limited to her, a belief that she recently discovered to be wrong.**

45.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**46.      In April 2021, the Plaintiff connected on social media with two former PVPA students, identified as Student A and Student B.**

46.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**47.     Student A was a student at PVPA from September 2006 until her graduation in 2011.**

47.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**48.     From Student A, the Plaintiff learned that Micucci had similarly groomed her throughout her attendance at PVPA, driving her home alone, hugging and exchanging, "I love you's" and confiding in her details of his sexual relationships.**

48.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**49.     The following year, after Student A's graduation in 2012, Micucci similarly enticed Student A into a sexual relationship using the influence he had exercised over her throughout high school.**

49.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**50.     Student B informed Plaintiff that she had met Micucci in 2009 when, as a 14-year-old ninth grader at PVPA, he was her coach.**

50.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**51.     Similar to that conduct experienced by the Plaintiff and Student A, Student B described Micucci's interactions to include driving her home from practice, discussing personal matters and engaging in hugging, massages and wrestling.**

51.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**52.     Of greatest significance, Student B described an incident which occurred at an "away tournament" in 2009 or 2010 when the PVPA team and PVPA coaches slept on the floor of a large house.**

52.     Defendant denies that the allegations of this paragraph occurred at or were a part of a PVPA event or activity. Defendant is without information or knowledge sufficient to admit or deny the remaining allegations of this paragraph.

**53.     Student B described being in a sleeping bag, with Micucci in another sleeping bag near hers, when during the night, Micucci moved his sleeping bag immediately next to her so that he could "spoon her" and hold her breasts.**

53.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**54.     The Plaintiff was aghast at hearing of Student B's experience because she recalled that she was also present in the house on that evening when Student B was molested.**

54.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**55.     After this incident, Student B recalled that she informed her PVPA guidance counselor, Amanda Melemed, about Micucci's inappropriate sexual contact with her during that evening.**

55.     Defendant denies that Ms. Melemed was a guidance counselor. Defendant is without information or knowledge sufficient to admit or deny what Student B claims to recall or expressed to Plaintiff.

**56.     Melemed did not report, investigate or initiate any action in response to Student B's report regarding Micucci's inappropriate sexual contact.**

56.     Defendant denies that any report was made and therefore there was no such obligation.

**57.     During 2019, Student B engaged in a social media exchange in which she responded to a general post on the subject of older men dating adolescent girls.**

57.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**58.     In response to her comment, Student B received a message from Melemed on December 5, 2019 in which Melemed wrote:**

> *I am in fact writing you because of your comment on [the] post.  I feel sick inside because I can't help that you may be talking about Mike Micucci? Maybe other adults as well.  I am sickened and sad if this is true – if I was another adult at that school while someone was being inappropriate with students.  It wasn't right and I am sorry.*

58.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**59.     Student B responded to Melemed, asking her why her post caused her to think of Micucci, Melemed then replied:**

> *I just got a creepy vibe and there were so many rumors about him [Micucci] and [Plaintiff] and then him and [Student A].  I also remember you telling me one time that at a frisbee tournament he slept in the room with the players? And you said something like you had cuddled and I said that doesn't seem right and you were like no it's not like weird it's nice or something like that.*

*I'm so sorry.  I don't really remember much else. . . .  It was so clear that he didn't have a lot of boundaries and it always confused me but Laura [Davis] supported him so I thought he must be okay.*

*I'm really sorry I didn't do anything.  As a new staff member I was really unclear of what the hell was going on at the school.  It was so different from where I had worked before and it seemed like everyone was okay with the looseness of it.  That was "PVPA".*

59.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**60.     Upon Student B's disclosure to her in 2009 or 2010 regarding Micucci's inappropriate sexual contact with her during a school-sponsored event, Melemed had a duty to file a report with school administrators and the Department of Children and Families ("DCF").**

60.     Defendant denies that any such disclosure was made. The remaining allegations of this paragraph call for a legal conclusion to which no response is required.

**61.     Had a report been properly made, an immediate investigation would have been conducted, triggering a response that would have resulted in Micucci's removal from a position of influence within PVPA which he used to manipulate and groom young adolescent girls to engage in inappropriate sexual interactions.**

61.     The allegations of this paragraph are speculative and are not factual allegations to which a response can be made. To the extent facts are assumed, Defendant denies the allegations of this paragraph.

**62.     Due to Melemed's breach of her duties, an investigation never occurred, and Micucci remained in a position to sexually abuse and harass the Plaintiff and other minor female students.**

62.     Denied.

**63.     Melemed's failure to report inappropriate sexual behavior by Micucci was just the first incident in the chain of deliberate indifference by school employees and administrators which allowed Micucci unfettered access to adolescent girls.**

63.     Denied.

**64.     Specifically, during 2010, while Student B was having lunch in Laura Davis's office in the presence of Davis, Micucci and other classmates, Student B was sitting on Micucci's lap and he was massaging her back.**

64.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**65.     As the lunch period ended and Student B prepared to leave the office, Davis pulled her aside and told her that she should not sit on Micucci's lap in her presence because it put her in an "awkward" position and that "people might get the wrong idea."**

65.     Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**66.     This absolute indifference of a school administrator to appalling staff-student interactions created an environment where students had no sense of appropriate staff behavior and led the Plaintiff and other students to be unable to recognize the school's absolute obligation to intervene to protect them from inappropriate sexualized conduct by Micucci.**

66.     Denied.

**67.     This type of deliberate indifference continued unabated through subsequent omissions, as described above, by Goldman and Davis.**

67.     Denied.

**68.     On December 8, 2021, pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4, Plaintiff provided Defendant with notice of her claim for damages against Defendant arising from negligence and deliberate indifference of Defendant employees that caused Plaintiff to suffer sexual harassment by Micucci and that resulted in emotional distress.**

68.     Admitted that such a letter was provided with that date and substance. To the extent the allegations of this paragraph call for a legal conclusion, no response is required or made.

**69.     Defendant received said notice on December 13, 2021.**

69.     Admitted.

**70.     Defendant provided no response to said notice pursuant to Chapter 258.**

70.     Admitted.

**71.     On or about March 9, 2022, Defendant notified the Plaintiff that it would be engaging in a Title IX grievance process but, upon information and belief, no such investigation has been conducted.**

71.     Defendant admits that it so notified Plaintiff and denies that no such investigation has been conducted.

**Count I**
**<u>Violation of Title IX</u>**

**72.     The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 71 of this Complaint as though fully set forth herein.**

72.     Defendant incorporates each and every response set forth in paragraphs 1 through 71 of this Answer as though fully set forth herein.

**73.      At all times relevant hereto, the Defendant was the recipient of federal funding.**

73.      Admitted.

**74.      At all relevant times hereto, Micucci was an employee of Defendant.**

74.      Defendant admits that Micucci was an employee of Defendant for a period of time. To the extent the allegations of this paragraph are not specifically admitted, they are denied.

**75.      At all relevant times hereto, the Plaintiff was a student in Defendant's educational program.**

75.      Defendant admits that Plaintiff was a student at Defendant for a period of time. To the extent the allegations of this paragraph are not specifically admitted, they are denied.

**76.      In or around 2009 or 2010, the Defendant, by and through its employee, knew that Micucci had committed an act of sexual harassment towards Student B.**

76.      Denied.

**77.      Throughout her entire attendance at PVPA, Micucci committed multiple acts of sexual harassment of the Plaintiff.**

77.      Defendant is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

**78.      The Defendant, by and through its employees and agents, knew that Micucci had committed acts of sexual harassment upon the Plaintiff.**

78.      Denied.

**79.      The sexual harassment perpetuated by Micucci upon adolescent girls on the PVPA campus was widespread, openly practiced and well-known to students and staff.**

79.     Denied.

**80.     The sexual harassment perpetrated upon the Plaintiff by Micucci was severe, pervasive and objectively offensive, created a hostile educational environment, and caused the Plaintiff to be deprived of educational opportunities or benefits.**

80.     Denied.

**81.     Despite having actual knowledge of Micucci's sexual harassment of the Plaintiff and of Student B, the Defendant, through its employees and school administrators, acted with deliberate indifference as they failed to report Micucci's conduct to DCF; failed to investigate Micucci's behavior, failed to remove Micucci from his position of employment with the school; failed to limit Micucci's ability to interact with Plaintiff, and failed to initiate any reasonable measures to protect the Plaintiff from Micucci.**

81.     Denied.

**82.     By its aforesaid failures, Defendant acted with deliberate indifference to the harassment such that its lack of response was clearly unreasonable in light of the known circumstances.**

82.     Denied.

**83.     The deliberate indifference of Defendant left the Plaintiff vulnerable to sexual exploitation and was a direct and proximate cause of the acts of sexual harassment committed by Micucci on the Plaintiff.**

83.     Denied.

**84.     As a direct and proximate result of the acts and omissions of Defendant, the Plaintiff suffered severe emotional distress.**

84.     Denied.

**85.     Defendant further violated Title IX during the period of Plaintiff's attendance at PVPA by failing to publish grievance procedures providing for the prompt and equitable resolution of complaints of sexual harassment.**

85.     Denied.

**86.     Defendant further has violated Title IX by failing to investigate Plaintiff's complaint in a prompt and equitable manner.**

86.     Denied.

**Count II**
**Negligence**

**87.     The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this Complaint as though fully set forth herein.**

87.     Defendant incorporates each and every response set forth in paragraphs 1 through 86 of this Answer as though fully set forth herein.

**88.     The Defendant, PVPA, had a duty to exercise reasonable care to protect its students, including the Plaintiff, from foreseeable harm.**

88.     The allegations of this paragraph call for a legal conclusion to which no response is required.

**89.     By as early as 2010, the Defendant, PVPA, by and through its employees, knew that Micucci had engaged in sexual harassment of Student B and, upon information and belief, other minor female students and, as a result, knew or should have known that Micucci was unfit and posed a danger to Plaintiff and other adolescent students.**

89.     Denied.

**90.     By at least 2013, Defendant's administrators, Goldman and Davis, knew that Micucci was engaging in sexually inappropriate conduct with the Plaintiff and, as a result,**

knew or should have known that Micucci was unfit and posed a danger to Plaintiff and other adolescent students.

90. Denied.

**91.** **Defendant PVPA, by and through its employees and/or agents, breached its duty of care to protect the Plaintiff from harm by negligently (1) failing to report Micucci's conduct to DCF; (2) failing to investigate Micucci's behavior toward Student B and the Plaintiff; (3) failing to remove Micucci from his position of employment with school; (4) failing to supervise Micucci and/or limit Micucci's ability to interact with Plaintiff; (5) failing to initiate any reasonable measures to protect the Plaintiff from Micucci; and (6) failing to train employees on their obligations to report and investigate acts of sexual harassment.**

91. Denied.

**92.** **Defendant's breaches allowed Micucci to have continued access to Plaintiff, and independently and proximately caused Plaintiff to suffer severe sexual harassment.**

92. Denied.

**93.** **As a direct and proximate result of Defendant PVPA's negligence, the Plaintiff suffered and continues to suffer severe emotional distress.**

93. Denied.

## Count III
## Sexual Harassment in Violation of M.G.L. c. 214, §1C

**94.** **The Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 93 of this Complaint as though fully set forth herein.**

94. Defendant incorporates each and every response set forth in paragraphs 1 through 93 of this Answer as though fully set forth herein.

**95.     The Plaintiff, as a student at PVPA, a public educational institution, had the right to be free from sexual harassment.**

95.     The allegations of this paragraph call for a legal conclusion to which no response is required.

**96.     Defendant committed an unlawful and unfair educational practice when, by and through its employee, Michael Micucci, Plaintiff was subjected to sexual harassment which was severe, pervasive and objectively offensive and which created a hostile educational environment, caused the Plaintiff to be deprived of educational opportunities or benefits, and caused the Plaintiff to suffer emotional distress to incur damages.**

96.     Denied.

**97.     Pursuant to G.L. c. 214 §1C, the Defendant is strictly liable for sexual harassment committed by its employee, Michael Micucci.**

97.     Denied.

**98.     Alternatively, the Defendant is liable for its deliberate indifference to the sexual harassment committed by its employee, Michael Micucci.**

98.     Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint may be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to meet any of the statutory prerequisites to bringing this action, including but not limited to the notice requirements of M.G.L. c. 258, § 4.

### Fourth Affirmative Defense

Plaintiff's claim for negligence should be dismissed because Defendant was not the cause of Plaintiff's alleged harm.

### Fifth Affirmative Defense

Plaintiff's claims should be dismissed to the extent that she consented to the conduct alleged.

### Sixth Affirmative Defense

Plaintiff's claims should be dismissed because Defendant maintained an effective policy for reporting and redressing the alleged conduct.

### Seventh Affirmative Defense

Plaintiff's claims should be dismissed because she did not provide notice to Defendant and Defendant did not have knowledge of the alleged conduct.

### Eighth Affirmative Defense

Plaintiff's claimed damages, if any, are limited due to a failure to mitigate damages.

Defendant reserves the right to raise additional defenses.

WHEREFORE, Defendant states that Plaintiff is not entitled to any relief sought in the Complaint and respectfully requests (i) that judgment be entered in Defendant's favor; (ii) that the Court award Defendant all costs and fees incurred in defending this action; and (iii) that the Court award Defendant such other relief as the Court deems just and proper.

**PIONEER VALLEY PERFORMING
ARTS CHARTER PUBLIC SCHOOL**

By its attorneys,


 /s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq., BBO #507900
Reid M. Wakefield, Esq., BBO #569026
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: (508) 898-1501
Fax:    (508) 463-1386
rvannostrand@mirickoconnell.com
rwakefield@mirickoconnell.com

Dated: December 2, 2022

<u>CERTIFICATE OF SERVICE</u>

I, Richard C. Van Nostrand, hereby certify that this document(s), filed through the ECF
system will be sent electronically to the registered participants as identified on the Notice of
Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered
participants on November 25, 2022. Specifically, I hereby certify that I have this day served a
copy of the foregoing document, by emailing and mailing a copy, first class mail, postage
prepaid to: Jeffrey M. Sankey, Esq., Sankey Law Offices, LLP, 300 North Main Street, Suite
104, Mansfield, MA 02048; email:  jsankey@sankeylaw.com.

/s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq.


Dated: December 2, 2022